Slip Op. 09-57

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AD HOC UTILITIES GROUP,<br><br>       Plaintiff,<br><br>       v.<br><br>UNITED STATES,<br><br>       Defendant,<br><br>       - and -<br><br>USEC INCORPORATED, and UNITED STATES ENRICHMENT CORPORATION,<br><br>       Defendant-Intervenors. | Before: Pogue, Judge<br><br>Court No. 06-00300 |

**ORDER**

[Defendant's and Defendant-Intervenors' motions to dismiss granted.]

June 16, 2009

Pillsbury Winthrop Shaw Pittman LLP (Nancy A. Fischer, Joshua D. Fitzhugh, Christine J. Sohar, Kemba T. Eneas and Stephan E. Becker) for Plaintiff Ad Hoc Utilities Group.

James M. Lyons, General Counsel, Neal J. Reynolds, Assistant General Counsel, Office of the General Council, U.S. International Trade Commission (Peter L. Sultan) for Defendant United States.

Steptoe & Johnson LLP (Eric C. Emerson, Sheldon E. Hochberg, Richard O. Cunningham, Thomas J. Trendl and Alexandra E.P. Baj) for Defendant-Intervenors USEC Inc. and United States Enrichment Corp.

**Pogue, Judge:** Plaintiff Ad Hoc Utilites Group ("AHUG"), a group of American utility companies that purchases and uses uranium, seeks review of the International Trade Commission's

("ITC") decision in <u>Uranium From Russia</u>, 71 Fed. Reg. 44,707 (ITC Aug. 6, 2006) (concluding that termination of the suspended investigation on uranium from Russia would be likely to lead to continuation or recurrence of material injury to an industry in the United States) and accompanying <u>Uranium from Russia</u>, USITC Pub. 3872, Inv. No. 731-TA-539-C (Aug. 2006). Defendant United States and Defendant-Intervenors move to dismiss, pursuant to USCIT Rule 12(b)(1), for lack of subject matter jurisdiction, more specifically lack of statutory standing under 28 U.S.C. § 2631(c).

The issues of law and fact before the court are no different than those presented in <u>Ad Hoc Utilities Group v. United States</u>, Cause No. 06-229 ("<u>AHUG</u>") (AHUG's challenge to Commerce's final determination that termination of the suspended investigation on uranium from Russia would likely result in continued dumping of enriched uranium). Parties in <u>AHUG</u> and the case at bar are identical, and there is no significant argument raised by Plaintiff here that was not considered by the court in <u>AHUG</u>. Accordingly, for the reasons stated in <u>AHUG</u>, the court grants Defendant's and Defendant-Intervenors' motions to dismiss for lack of standing.

Judgment will issue accordingly.

It is SO ORDERED.

/s/ Donald C. Pogue
Donald C. Pogue, Judge

Dated: June 16, 2009
        New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AD HOC UTILITIES GROUP,<br><br>       Plaintiff,<br><br>       v.<br><br>UNITED STATES,<br><br>       Defendant,<br><br>       - and -<br><br>USEC INCORPORATED, and UNITED STATES ENRICHMENT CORPORATION,<br><br>       Defendant-Intervenors. | Before: Pogue, Judge<br><br>Court No. 06-00300 |

**JUDGMENT**

    This action has been duly submitted for decision, and this Court, after due deliberation, has rendered a decision herein; now, in conformity with that decision, this action is hereby

    DISMISSED for lack of subject matter jurisdiction.

                                  /s/ Donald C. Pogue
                                  Donald C. Pogue, Judge

Dated:    June 16, 2009
            New York, New York

# NOTICE OF ENTRY AND SERVICE

      This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

      Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

      or

      Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

      Tina Potuto Kimble
      Clerk of the Court

Date: _____  By: _____
                                                                                           Deputy Clerk